Dear Mr. Burmaster:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
As attorney for the Plaquemines Parish Council, you present the following questions for our review and resolution:
 (1) Who is authorized to make membership appointments to advisory boards and commissions within the Plaquemines Parish government?
 (2) Can the parish president refuse to acknowledge an appointee to a particular board or commission not recommended by him?
 (3) What recourse does that appointee have against the parish president for his failure to acknowledge the appointee or his interference with the appointee in the performance of his duties?
The Plaquemines Parish Government operates under a home rule charter. The parish president is the chief executive officer of the parish, while all legislative powers of the parish are exercised by the Plaquemines parish council.
There are various advisory boards and commissions which exist within the governmental framework, which operate under the provisions of the parish home rule charter. Accordingly, a response to your questions requires our review of the current provisions of the Charter For Local Self-Government, Plaquemines Parish, Louisiana, which your office has provided to us.
Pertinent to your first question are the sections of the charter designated as Article 3, Section 3.10(G) and Article 4, Section 4.01(A)(4), which are quoted below:
"The Parish President shall have the following duties:
* * *
 G. Make recommendations to the Parish Council for appointment of all members of boards and commissions. . . ." Article 3, Section 3.10(G).
* * *
 "A. All legislative powers of the Parish of Plaquemines shall be vested in the Parish Council and exercised by it, subject to any applicable provisions of this Charter, and shall include, but not be limited to, the power to:
* * *
 (4) Make appointments to fill vacancies in the Parish and local offices as provided herein and as provided by Law, and to fill other Parish and local offices unless prohibited by law from a list of names of those persons submitted by the Parish President and from a list of names submitted by Council members."
Although the President is charged with the duty to submit his recommendations for all appointments to boards and commissions, it is solely within the power of the council to make the appointments, unless otherwise provided within the charter. In our opinion, it is an inaccurate assertion that only those persons the parish president recommends may serve as board or commission members. The ultimate power of appointment to fill these particular memberships is vested within the council.
In response to your second question, it follows that board and commission members may exercise those powers and duties conferred by the parish council, without unnecessary interference from the parish president. Article Four, Section 4.01(A)(24) and Article Two, Section 2.02(A)(1) provide:
 "A. All legislative powers of the Parish of Plaquemines shall be vested in the Parish Council and exercised by it, subject to any applicable provisions of this Charter, and shall include, but not be limited to, the power to:
* * *
 (24) Create by Ordinance such advisory boards as may be deemed necessary, prescribing in each case the number, length of terms and duties of members of such boards." Article Four, Section 4.01(A)(24).
* * *
 "A. Without in any manner limiting the foregoing authority, the jurisdiction, powers, rights, privileges, and authority of the Parish Government shall include, but shall not be limited to, the authority to take all action necessary to:
 (1) Operate the government of, and have the care, management, and control of the Parish of Plaquemines and all other political subdivisions and districts therein; to carry out and enforce provisions of this Charter and to provide penalties for their violation and for the violation of any regulation or ordinance adopted by the Parish Council." Article Two, Section 2.02(A)(1).
The power to create board memberships, to enforce those provisions of the charter concerning membership responsibilities, and to provide penalties for a member's violation of council regulations is vested within the council. It is outside those powers of the parish president to unilaterally refuse to acknowledge a board member who has been duly appointed by the parish council. Such conduct may in fact be in contravention of the provisions of the charter, as we discuss below.
Your third question concerns what appropriate action may be taken by the council to counteract the parish president's interference with a new appointee. We are of the opinion that at least two remedies may be available to the council, in the form of sanction by the council itself, or by the institution of a mandamus proceeding in district court.
The parish president is charged with the responsibility of assuring "that the provisions of the charter, the Ordinances of the Parish and all laws are enforced . . ." Article Three, Section 3.10(D). If his interference with a board member causes that member to be unable to fulfill the duties with which the member is charged by the council, the parish president may himself be in violation of council regulations. As noted above, the council has the authority to provide penalties for such violations.
Finally, as you are already aware, a mandamus proceeding brought pursuant to LSA-C.C.P. Art. 3861 or 3862 is available to compel the parish president to perform those ministerial acts associated with the office. The parish president could be compelled to provide appropriate meeting notices to these board and commission members in such a proceeding.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK 0176E